# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                            (973) 645-4693
BANKRUPTCY JUDGE                                                          Fax: (973) 645-2606

**NOT FOR PUBLICATION**

<div style="border">

**FILED**

JAMES J. WALDRON, CLERK

**SEPT. 30, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

</div>

September 29, 2008

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Forman Holt Eliades & Ravin LLC
Daniel M. Eliades, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
***Counsel for TD Bank, N.A.***

Robert F. Conley
P.O Box 1164
Newark, New Jersey 07101
***Counsel for Debtor Baldwin Real Estate Corp.***

Re:    **In re Baldwin Real Estate Corp.**
       **08-24191 (DHS)**

Dear Counsel:

Before the Court is a motion filed by TD Bank, N.A. ("TD") seeking entry of an Order finding Baldwin Real Estate Corporation ("Debtor") and Robert F. Conley, Esq. ("Conley" or "Counsel to Debtor") in contempt of this Court's ruling of July 16, 2008, awarding TD costs and fees, and

Page 2
September 29, 2008

dismissing the bankruptcy proceeding. Conley filed opposition on behalf of the Debtor and himself.
Counsel for TD responded in further support of the Debtor's motion. The Court heard oral argument
and reserved decision.

In May 2006, TD made a Small Business Administration loan to the Debtor in the amount of
$1,700,000 with the Debtor executing a Note payable in equal monthly installments of $14,852.84
through June 2031. The Note had an initial interest rate of 9.5% per annum adjustable in accordance
with the Note terms. To secure payment of the Note, the Debtor executed a mortgage in favor of TD
for $1,700,000.00 which was recorded on June 19, 2006 encumbering all real property located at 108-
118 Chestnut Street, Roselle, New Jersey. As additional security, the Debtor executed an Absolute
Assignment of Rents (the above documents will be collectively referred to as "Loan Documents"). The
Debtor defaulted on the Loan Documents by failing to pay monthly installments and, on March 21,
2007, TD accelerated all sums due and owing.

On April 26, 2007, TD instituted a foreclosure action in Superior Court of New Jersey, Union
County and on July 20, 2007 a rent receiver was appointed. On December 11, 2007, a Final Judgment
of Foreclosure was entered for $1,816,492.84 plus interest from July 19, 2007 at the New Jersey post-
judgment interest rate plus fees and costs of $8,114.95. After pursuing potential settlement with the
Debtor, TD scheduled the sheriff's sale for April 19, 2008.

On April 18, 2008, the Debtor filed for Chapter 11 in what TD characterizes as a two-party
dispute where TD was the only creditor ("Baldwin I"). In this first bankruptcy case, the Debtor failed
to file initial or monthly operating reports, to appear at a Section 341 meeting, to apply for retention
of debtor's counsel or to propose plan of reorganization. On April 25, 2008, TD filed a motion seeking
stay relief due to the Debtor's failure to make adequate protection payments. The appraisal obtained
by TD indicated a current market value of $1,625,000.00. The Debtor had no equity in the property
as the amount owed to TD was approximately $1.9 million. The Court heard the motion and allowed
for its continuation so that the Debtor could formulate a plan or begin making adequate protection
payments. In the interim, on June 13, 2008, the United States Trustee filed a motion to convert to
Chapter 7, or in the alternative, to dismiss.

On June 16, 2008, the Debtor failed to appear for a Status Conference and the Chapter 11 case
was dismissed. At this time, TD's counsel advised the Debtor of its intent to proceed with the sheriff's
sale. On June 19, 2008, Debtor's counsel wrote to the Court explaining that the failure to appear was
due to a calendaring error and the Court reinstated the case. On July 7, 2008, after a hearing a few days
prior, the Court granted TD's motion for stay relief and authorized TD to proceed with a foreclosure
sale.

Page 3
September 29, 2008

TD scheduled the foreclosure sale for July 9, 2008, but on July 8, 2008, the Debtor filed a motion for reconsideration. The hearing on the motion for reconsideration was initially heard by The Honorable Rosemary Gambardella. Judge Gambardella stayed the sale and adjourned the motion to July 16, 2008 for this Court to hear. On July 16, 2008, this Court heard the motion for reconsideration and the United States Trustee's motion to convert or dismiss. The court denied the motion for reconsideration and granted the United States Trustee's motion to dismiss the case. At the July 16, 2008 hearing, TD's counsel expressed concern for potential serial filings and requested prospective relief. As indicated in the transcript of the July 16, 2008 hearing, the Court granted such prospective relief also recognizing the potential for repeat or serial filings. *See Hrg. Tr.* 16:15-17, July 16, 2008. At the conclusion of the hearing, the Debtor moved for a stay of the sheriff's sale pending appeal, which the Court denied. *See id.* at 15:9-10.

Thereafter, the Debtor filed a notice of appeal of the Court's Order Denying the Motion to Reconsider and Dismissing the Bankruptcy Case ("Order"). The Debtor sought emergent relief from the District Court seeking a stay of the sale whereby the District Court imposed a ten (10) day stay and required the Debtor to deposit $15,000.00 security. The District Court heard argument on July 25, 2008 and subsequently denied the Debtor's request and authorized TD to proceed with the sheriff's sale. On July 29, 2008, the Debtor appeared in state court before Judge John F. Malone, J.S.C. arguing for an adjournment of the sheriff's sale scheduled for July 30, 2008 at 2:00 pm. Counsel for TD was not served with any application or motion filed with the state court and apparently the Debtor was represented by Bruce Buccolo who is an employee of the Conley law firm. Judge Malone denied the Debtor's request.

On July 30, 2008, at approximately 11am, Buccolo contacted TD's counsel and advised that Conley intended to file a second bankruptcy for the Debtor ("Baldwin II"). At this time, TD's counsel advised Buccolo that at the July 16, 2008 hearing, the Court granted prospective relief from the automatic stay such that a subsequent filing would not stay the sale. At approximately 12:00 pm, TD's counsel faxed the transcript of the July 16, 2008 hearing to Debtor's counsel and also spoke directly with Conley advising of the prospective relief and seeking an explanation as to the basis of the second filing. At 1:00 pm, Buccolo filed a second bankruptcy petition and served a copy upon TD's counsel at the sheriff's sale. Buccolo also gave a copy to the Union County Sheriff demanding, on behalf of the Debtor, that the sale be stayed. TD alleged that Buccolo was "representing" the Debtor during the course of the events of this day and apparently made arguments on behalf of the Debtor to Union County Counsel as to why the sale should be stayed. Moreover, TD submits that Buccolo is the second creditor in Baldwin II and is a non-debtor employee of Conley providing legal and business consulting. Furthermore, Conley has not filed a retention application in Baldwin II. The Union County Sheriff denied the Debtor's request and the property was sold to TD for $100.00.

Page 4
September 29, 2008

The Debtor and Conley maintain that the Order entered by the Court was clear and plain and only addressed the motion for reconsideration and did not mention prospective relief. Conley and the Debtor submit that they acted in good faith in the second filing. They believed that a reorganization was possible as revenues were to increase in the Fall and a potential buyer had emerged who made a bona fide cash offer of $1,550,000.00 for the property conditioned upon an environmental study. Thus, the Debtor believes the second filing was warranted.

Conley contends that he did not have the transcript when preparing the second filing and only received it on July 30, 2008. Conley avers that his memory of the hearing is frail and that he has no recollection of the portion of the hearing on July 16, 2008 that addressed prospective relief. Conley argues that he should only be held to the terms contained within the written and signed Order of the Court. Conley further submits that TD's counsel should have sought amendment of the Order. Conley also argues that TD had possession of the transcript for five days prior to sending it to Conley. This is inaccurate – the procedure in this District is such that the transcription service dockets the transcript and a five-day hold is placed to allow parties to notify the Court of its intention to redact. After the five-day period, the transcript is made public. The transcript of the July 16, 2008 hearing was placed on the docket on July 25, 2008, thus it did not become public until July 30, 2008. Although not an electronic filer or recipient of electronic notification, Conley, as Debtor's counsel, has access to the Court's public electronic docketing system whereby he could obtain any documents filed in the case.

Civil contempt "serves to coerce a defendant into complying with a court's orders or to compensate the complainant for losses sustained as a result of the defendant's non-compliance." *Trustee v. Bracken (In re Davitch)*, 336 B.R. 241, 251 (Bankr. W.D. Pa. 2006). To hold a party in civil contempt, the following must be demonstrated by clear and convincing evidence: (1) a valid court order exists; (2) the party had knowledge of the order; and (3) the defendant disobeyed the order." *See id.* (citing *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995); *Stratton v. Mariner Health Care, Inc. (In re Mariner Post-Acute Network)*, 329 B.R. 481, 486 (Bankr. D. Del. 2005); *see also In re The Prudential Ins. Co. Of Am. Sales Practices Litig.*, 2000 U.S. Dist. LEXIS 22396, at *16 (D.N.J. Dec. 14, 2000). Violations of an oral order may result in civil contempt. *See Nisselson v. Empyrean Investment Fund, L.P. (In re MarketXT Holdings Corp.)*, 336 B.R. 39, 54-55 (Bankr. S.D.N.Y. 2006) (citing *United States v. Local 30, United Slate, Tile and Composition Roofers*, 1990 U.S. Dist. LEXIS 892, at *3 (E.D. Pa. Jan. 25, 1990)). A showing of willfulness is not required in the Third Circuit and good faith is not a defense to civil contempt. *See Robin Woods, Inc. v. Woods*, 28 F.3d 396, 398 (3d. Cir. 1994). Willfulness and intent are relevant only to determine the extent and nature of the sanctions. *Square D. Co. v. Scott Elec. Co.*, 2007 U.S. Dist. LEXIS 84297, at *16 (W.D. Pa. Nov. 14, 2007) (citation omitted).

Page 5
September 29, 2008

In the instant matter, the valid order requirement is disputed. TD contends that the Court's oral ruling in combination with the written order constitutes a valid order granting prospective relief and the Debtor and Conley are in violation of such order. The Debtor and Conley argue that the Order does not encompass the prospective relief and only addressed the motion for reconsideration and the law of the Third Circuit requires clearly written orders to be placed on the docket. Although the transcript from the July 16, 2008 hearing is clear, out of an abundance of caution and fairness, the Court cannot hold the Debtor nor Conley in civil contempt. Any ambiguities "ought to favor the party charged with contempt." *Harris*, 47 F.3d at 1326 (citing *IRS v. Norton*, 717 F.2d 767, 774 (3d Cir. 1983)). Despite the clarity in the record, the Court did not incorporate its intentions regarding prospective relief in the resulting Order. *In re The Prudential Insurance Company of America Sales Practices Litigation* directs:

> Civil contempt requires a valid order of the Court, and that order must be a very specific, clearly worded order that a [party] can understand and comply with. Vague orders cannot be the basis for finding civil contempt. Given that, . . .directives, which were made at a hearing, but not specifically incorporated into the order pursuant to that hearing, cannot be a basis for a finding of civil contempt.

*In re The Prudential Ins. Co. Of Am. Sales Practices Litig.*, MDL No. 1061, Civ. No. 95-4704, 2000 U.S. Dist. LEXIS 22396, at *18 (D.N.J. Dec. 14, 2000). Since the valid order prong has not been satisfied, the Court need not address the remaining requirements. Thus, TD's motion to hold the Debtor and Conley in civil contempt is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

In conclusion, the Court granted TD's motion to dismiss the Debtor's second bankruptcy proceeding, for which an Order was entered on September 2, 2008. Thus, the instant motion is granted in part as to the dismissal of the bankruptcy proceeding and denied in part as to civil contempt.

Very truly yours,

/s / *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure